Dear Ms. Lachney:
Your request for an opinion of the Attorney General regarding the Building Permits section of the Avoyelles Parish Code, has been forwarded to me for response. Along with your request, you also enclosed Avoyelles Parish Code Chapter 6, Article I dealing with Building Permits and assert that is the only Avoyelles Parish law in effect for utilities and permits. In your request, you pose several situations revolving around the connection of new water service to existing buildings. Specifically, you ask:
 5. If a person is coming in for water service on a rent house and the meter is in place, do they need a building permit?
 6. If a person has lived in their residence for a certain amount of years and has had a water well but now chooses to have our water service, do they need a building permit?
 7. Does the article specifically specify that permits are to be obtained for new buildings or structures?
 8. If a building has been abandoned for so many years but the water meter is still in place, do they need a permit?
La. Const. Art. 6, § 7 allows "[the] governing authority of a local governmental subdivision which has no home rule charter or plan of government [to] exercise any power and perform any function necessary, requisite, or proper for the management of its affairs, not denied by its charter or by general law " Avoyelles Parish has no home rule charter — it employs the police jury system of government.
La. R.S. 33:1236 grants the parish governing authority authorization to regulate a wide range of enumerated powers to provide for the health, safety, and welfare of its residents, including the regulation and permitting requirements for the "[construction], alteration and repair of buildings, structures, equipment, and appurtenances " See La. R.S.33:1236(36). Avoyelles Parish has codified the requirements, contained in Chapter 6, Article I of the Avoyelles Code, for the issuance of building permits. The effective date of the codification reads "Ord. of 5-10-77, § 1; Mo. of 8-14-79; Mo. of 1-13-98."
Pertinent to your request is Section 6-1(i), which requires a building permit be produced before any public utility company connects utilities. Section 6-1(i) provides:
 "Presentation of permit for utility hook-up. No utility hook-up is to be made by any public utility company until a copy of a valid building permit from the parish police jury is presented to said utility company evidencing compliance with the provisions of this section."
The parish governing authority, in this instance, the Avoyelles Parish Police Jury, has clear statutory authority La. R.S. 33:1236(36)) to require a building permit be issued before new construction commences. Section 6-1(g) of the Avoyelles Parish Code provides for a penalty of up to $500.00 or up to 60 days incarceration for failing to obtain a building permit before new construction commences.
La. R.S. 33:4161 et seq. provide for the ownership and operation of public utilities by parishes or other political subdivisions. Therefore, it is certainly within the discretion of the parish to deny utility service until the applicant proves compliance with the applicable health and safety standards established by the parish police jury. Otherwise, a person could easily avoid the building permit requirement by simply proceeding with their construction without applying for a building permit.
As stated above, the original enactment of this portion of the Avoyelles Parish Code was 5-10-77. Subsequent amendments were 8-14-79 and 1-13-98. So, there exist four time periods for buildings constructed in Avoyelles Parish:
 1) Pre — 5-10-77 (apparently not subject to any building code or building permit requirement);
 2) 5-10-77 to 8-13-79;
 3) 8-14-79 to 1-12-98;
 4) 1-13-98 to present.
The specific building permit requirements for each time period is reflected in the provisions of the Avoyelles Parish building permit requirements in effect for that time period.
Turning to your specific questions:
 1) Rent house tenants — Avoyelles Parish should satisfy itself that, when the rent house was constructed, the appropriate building permit (from the four time periods above) was issued. It should not be necessary to issue a new building permit unless, of course, no building permit was initially applied for.
 2) Existing buildings switching over from water wells — Avoyelles Parish should satisfy itself that the appropriate building permit was issued. It should not be necessary to issue a new building permit unless, of course, no building permit was initially applied for.
 3) Chapter 6, Article I(a) of the Avoyelles Code does specifically require a building permit be obtained before a "[person] shall erect or construct any building or structure in the parish " Chapter 6, Article I(i) further prohibits any public utility company from connecting utilities until a copy of a valid building permit from the parish police jury is presented.
 4) Abandoned buildings with existing water meters — As above, Avoyelles Parish should satisfy itself that the appropriate building permit was issued. It should not be necessary to issue a new building permit unless, of course, no building permit was initially applied for.
Because Avoyelles Parish has not diligently enforced this codal provision in the past, we have particular concern that innocent parties such as rent house tenants or unwitting buyers of existing buildings will be harmed by the sudden enforcement of this (heretofore un-enforced) codal provision. Avoyelles Parish should take great care to balance the rights of these innocent third-parties (who have either bought an existing building for which no building permit was initially applied for, or are merely trying to rent a dwelling) against the parish's need to ascertain that a building permit was issued. By stating that Avoyelles Parish should satisfy itself that building permits were initially issued in the answers above, we do not recommend that these innocent third-parties be held responsible for another person's failure to obtain a building permit.
I trust that this addresses your inquiries. Please feel free to contact this office in the future should you require further assistance or information.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _______________________________ THOMAS L. ENRIGHT, JR. Assistant Attorney General
RPI/TLE;dsc